1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   RANDALL E. ELLIS,                        No. C-10-2957 TEH (PR)
12              Plaintiff,
13        v.                                  ORDER OF SERVICE; INSTRUCTIONS
                                              TO THE CLERK
14   K. BRANDON, et. al.,
15              Defendant(s).
16   _____/
17
18        Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP")
19   in Crescent City, California, has filed a pro se civil rights
20   Complaint under 42 U.S.C. § 1983 alleging that PBSP correctional
21   officers violated his constitutional rights.  Doc. #1.  Plaintiff
22   also seeks leave to proceed in forma pauperis, which the Court
23   GRANTS in a separate order.  In this Order, the Court will conduct
24   its initial review of the Complaint pursuant to 28 U.S.C. § 1915A.
25
26                                  I
27        Federal courts must engage in a preliminary screening of
28   cases in which prisoners seek redress from a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
In its review the Court must identify any cognizable claims, and
dismiss any claims that are frivolous, malicious, fail to state a
claim upon which relief may be granted, or seek monetary relief from
a defendant who is immune from such relief.  _Id_. § 1915A(b)(1) &
(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege that a person acting under the color of state law committed a
violation of a right secured by the Constitution or laws of the
United States.  West v. Atkins, 487 U.S. 42, 48 (1988).
Pleadings filed by pro se litigants, however, must be liberally
construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);
Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.
1990).


                                    II

In the instant Complaint, Plaintiff alleges that PBSP
Captain K. Brandon and Institutional Gang Investigators J. Silveira
and C. Countess violated his First Amendment rights by interfering
with his mail delivery service.  Plaintiff further alleges that
these same Defendants interfered with his mail delivery service as a
retaliatory act in violation of the First Amendment.


                                    A

Prisoners enjoy a First Amendment right to send and
receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.

                                    2

1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89 (1987).  The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners.  See Thornburgh, 490 U.S. at 413.

     In the case of outgoing correspondence from prisoners to non-prisoners, however, an exception to the Turner standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. See Thornburgh, 490 U.S. at 411-12.  Censorship in such instances is justified only if:  (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation; and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); see, for example, Witherow, 52 F.3d at 265-66 (regulation requiring visual inspection of outgoing mail from inmates to certain public officials *closely* related to legitimate penological interest of preventing prisoners from

3

disseminating harmful or offensive materials and avoids unnecessary intrusion) (emphasis added).

A district court reviewing whether a prisoner states a claim for the censorship of outgoing mail should not decide, on the pleadings, whether the alleged censorship is justified.  See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam) (holding district court erred by dismissing complaint for failure to state a claim by deciding on the pleadings that censorship was justified).  A prisoner complaint that unequivocally pleads facts alleging that prison officials censored his outgoing mail and punished him for its contents states a claim that is clearly cognizable under Procunier.  Id.

B

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

C

Liberally construed, Plaintiff's First Amendment claims appear to state cognizable claims under 42 U.S.C. § 1983 and

4

Defendants PBSP Captain K. Brandon and Institutional Gang Investigators J. Silveira and C. Countess will be served.

## III

Plaintiff also alleges in his Complaint that PBSP correctional officers M. Dotson and S. Burris violated his constitutional rights concerning actions and incidents that are completely separate and apart from the allegations of First Amendment mail interference and retaliation against Defendants Brandon, Silveira and Countess.

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as:  (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action.  See Fed. R. Civ. P. 20(a)(2).

Here, because the allegations against M. Dotson and S. Burris are not related either temporally or substantively to the allegations against Defendants Brandon, Silveira and Countess, the allegations against M. Dotson and S. Burris must be brought in a separately-filed action.

## IV

For the foregoing reasons, the Court orders as follows:

1.   The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a

copy of the Complaint, all attachments thereto, and a copy of this Order upon Defendants Captain K. Brandon and Institutional Gang Investigators J. Silveira and C. Countess at Pelican Bay State Prison, (P.O. Box 7000, Crescent City, CA 95531-7000).  All other named defendants, i.e., PBSP correctional officers M. Dotson and S. Burris are DISMISSED from this action.  The clerk is further directed to send to Plaintiff a court-approved civil rights complaint form should Plaintiff choose to initiate a separate action against M. Dotson and S. Burris.

2.   To expedite the resolution of this case, the Court orders as follows:

a.   No later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

c.   Plaintiff is advised that a motion for summary

6

judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14

7

1  (9th Cir. 2003).

2          d.   Defendants shall file a reply brief within

3  fifteen (15) days of the date on which Plaintiff serves them with

4  the opposition.

5          e.   The motion shall be deemed submitted as of the

6  date the reply brief is due.  No hearing will be held on the motion

7  unless the Court so orders at a later date.

8      3.   Discovery may be taken in accordance with the Federal

9  Rules of Civil Procedure.  No further Court order is required before

10 the parties may conduct discovery.

11     4.   All communications by Plaintiff with the Court must

12 be served on Defendants, or Defendants' counsel once counsel has

13 been designated, by mailing a true copy of the document to

14 Defendants or Defendants' counsel.

15     5.   It is Plaintiff's responsibility to prosecute this

16 case.  Plaintiff must keep the Court and all parties informed of any

17 change of address and must comply with the Court's orders in a

18 timely fashion.  Failure to do so may result in the dismissal of

19 this action pursuant to Federal Rule of Civil Procedure 41(b).

20

21

22         IT IS SO ORDERED.

23 DATED    _04/08/2011_        _____

24                             THELTON E. HENDERSON
                               United States District Judge
25

26 G:\PRO-SE\TEH\CR.10\Ellis-10-2957.order of service.wpd

27

28                             **8**