IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RANDALL E. ELLIS,** | **No. C 10-2957 TEH (PR)** |
| **Plaintiff,** | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR A STATUS CONFERENCE REGARDING SETTLEMENT AGREEMENT** |
| **K. BRANDON, et al.,** | |
| **Defendants.** | |

On July 6, 2010, Plaintiff Randall E. Ellis, an inmate at Pelican Bay State Prison (PBSP), filed a civil rights complaint alleging a First Amendment claim against PBSP Captain K. Brandon and PBSP Officers J. Silveira and C. Countess. On September 27, 2011, this case was referred to Magistrate Judge Nandor Vadas for a settlement conference. On April 2, 2012, the parties filed a stipulation of voluntary dismissal with prejudice. On April 3, 2012, an Order of Voluntary Dismissal with Prejudice was entered by

the Court. The Order provides, in relevant part, that the parties:

> stipulate to a dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). . . . The filing of this stipulation automatically terminates the action.

On July 16, 2012, Plaintiff submitted a letter to the Court stating that, on March 30, 2012, the parties entered into a settlement agreement that called for its terms to be met within six months from the date of signing but that, to date, Defendants had not met the terms of the agreement. Plaintiff requests that the Court order Defendants to file a final status report before it dismisses the case with prejudice.

Pursuant to the parties' stipulation to dismiss the case with prejudice, this case has been closed since April 2012. If the settlement agreement provides that the Court retains jurisdiction over it, then this Court would have jurisdiction to order a status report regarding the parties' performance of their mutual obligations under the agreement. If the settlement agreement does not provide that the Court retains jurisdiction, the Court would lack jurisdiction to order such a report. Because the settlement agreement was not filed with the Court, the Court cannot ascertain whether it provides that the Court has jurisdiction over it.

However, whether the Court retains jurisdiction does not have to be decided at this time. The March 30, 2012 settlement agreement allowed Defendants six months in which to perform their obligations. Six months have not yet elapsed and there is still time for Defendants to meet the terms of the agreement.

Therefore, Plaintiff's request for a status conference is

2

premature and, thus, it is denied without prejudice. If Defendants have not performed after six months have passed, Plaintiff may refile his request for a status report, with a copy of the settlement agreement and a short brief, not more than two pages in length, explaining why the Court retains jurisdiction over the agreement.

IT IS SO ORDERED.

DATED  *08/02/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.10\Ellis - 10-2957DenyStatusRptRequest.wpd

3